EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN CARRILLO, acusado y apelante.

Núm. 6461.—*Sometido:* Mayo 21, 1937. *Resuelto:* Mayo 26, 1937.

*Burset & Pérez Pimentel,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La denuncia formulada contra el acusado apelante lee así:

". . . Que en 17 de sept. 8:00 P. M. de 1935, y en la Plaza Muñoz Rivera de Humacao, P. R., dentro del Distrito Judicial Municipal de Humacao, P. R., que forma parte del Distrito Judicial de Humacao, P. R., el referido acusado Juan Carrillo (*a*) Juan Alicea Carrillo, allí y entonces, voluntaria, ilegal y maliciosamente, con intención criminal de inferir algún daño violento en la persona de un semejante, con el propósito de causarle daño corporal, acometió y agredió con un instrumento cortante al ser humano Pablo Reoyo, ocasionándole una herida en la musculatura del brazo derecho, de carácter grave, en la cual hubo necesidad de cogerle 4 puntos, siendo curado en el hospital municipal de esta población.

"Los agravantes alegados en esta denuncia consisten en que la herida que infirió el acusado Juan Carrillo (*a*) Juan Alicea Carrillo en la persona de Pablo Reoyo, fué de carácter grave."

Celebrado el juicio ante la Corte de Distrito de Humacao, en grado de apelación de la corte municipal de la misma ciudad, el acusado fué convicto de un delito de acometimiento y agresión grave y sentenciado a un año de cárcel y las costas.

En el presente recurso se alega como fundamento para pedir la revocación de la sentencia que ésta es contraria a la prueba y a derecho.

Arguye el apelante que habiéndose alegado en la denuncia como circunstancia agravante del acometimiento y agresión,

el carácter grave de la herida inferida por el acusado al individuo Pablo Reoyo, el fiscal debió presentar evidencia para sustanciar ese hecho; y sostiene el apelante que del récord no aparece evidencia alguna que demuestre que la herida era de carácter grave.

La argumentación del apelante se basa principalmente en el siguiente incidente ocurrido durante la vista del caso. Después de haber declarado el agredido y uno de los testigos de cargo, el fiscal solicitó de la corte que se citase como testigo al médico que asistió al herido, y la corte así lo ordenó. Se opuso la defensa a que se examinase un testigo cuyo nombre no aparecía relacionado en la denuncia y que no había declarado en el juicio ante la corte municipal; y alegó además, que era improcedente admitir prueba sobre el carácter grave de la herida, porque habiendo sido convicto el acusado por la corte municipal de un delito de acometimiento y agresión simple, por el que se le condenó a $50 de multa, el acusado no puede ser expuesto en la apelación ante la corte a ser condenado por acometimiento y agresión grave. Siguió la corte examinando otro testigo mientras se practicaba la citación del médico, después de lo cual, y siendo como las once de la mañana, el márshal informó que el doctor no podría comparecer hasta las cuatro de la tarde por estar ocupado en una operación muy larga. Sometió el caso el fiscal sin prueba pericial. Solicitó la defensa que se rebajase el grado del delito a acometimiento y agresión simple y la corte resolvió el incidente con estas palabras:

"Sin lugar. La corte entiende que la presencia del médico para probar la gravedad de la herida no es un requisito *sine qua non*, sino que es uno de tantos factores a considerar para una conclusión; y entiende además que viniendo un perito, su opinión no es compulsoria para la corte."

Hemos examinado cuidadosamente la evidencia aducida por el fiscal y opinamos que ella es ampliamente suficiente para sostener la acusación y justificar la sentencia recurrida.

De ella aparece que el acusado, sin excusa o justificación alguna, acometió y agredió a Pablo Reoyo, haciendo uso de un instrumento cortante con el cual le infirió una herida en los músculos del brazo derecho; que la herida dió lugar a una hemorragia que hizo necesario suturar con seis puntos los vasos sanguíneos o venas interesados y con cuatro puntos los bordes de la herida; que el herido hubo de guardar cama durante diez días, habiendo corrido el riesgo de una septicemia. Y del récord consta que en el acto del juicio el herido mostró al juez sentenciador la cicatriz que en su brazo derecho había dejado la herida inferida por el acusado. El juez tuvo una oportunidad, que no tenemos nosotros, de ver y oír a los testigos y de inspeccionar y darse cuenta de la importancia y gravedad de la herida. Los autos no revelan dato alguno que justifique la imputación de que el juez sentenciador actuó bajo la influencia de la pasión o del prejuicio. No erró, a nuestro juicio, la corte inferior en la apreciación de la prueba. Véanse: *People* v. *Hong Ah Duck,* 61 Cal. 391; *People* v. *Gibson,* 106 Cal. 474; *Fuller* v. *State,* 23 So. 688; *Evans* v. *State,* 25 So. 175.

*Debe confirmarse la sentencia apelada.*